**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**WENDELL GOLATT**                                                                                   **PLAINTIFF**

**V.                             CASE NO. 3:20-CV-119-BD**

**ANDREW SAUL, Commissioner,
Social Security Administration**                                                            **DEFENDANT**

**ORDER**

**I.      Introduction:**

On November 24, 2015, Wendell Golatt applied for disability income benefits, alleging disability beginning May 26, 2015. (Tr. at 188–190, 193–195, 320–321) His claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Golatt's application on June 14, 2017. (Tr. at 148–160) Subsequent to a request for review by Mr. Golatt, the Appeals Council remanded the case for further development of the record and a second hearing before an ALJ. (Tr. at 56)

An ALJ held a second hearing on February 14, 2019, and thereafter, the second ALJ denied Mr. Golatt's claim for benefits. (Tr. at 56–66) The Appeals Council declined review. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Golatt filed this case seeking judicial review of the decision denying benefits.

## II. The Commissioner's Decision:

The ALJ found that Mr. Golatt had not engaged in substantial gainful activity since the alleged onset date of May 26, 2015. (Tr. at 58) And, the ALJ determined that Mr. Golatt had severe impairments: degenerative disk disease of the lumbar spine status post-spinal fusion, diabetes mellitus, and obesity. *Id*.

After finding that Mr. Golatt's impairments did not meet or equal a listed impairment (Tr. at 59), the ALJ determined that Mr. Golatt had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with additional limitations. (Tr. at 60) He could lift/carry no more than 10 pounds and could stand/walk only 1–2 hours in an eight-hour workday and only for 15–30 minutes at a time, with regular breaks. *Id*. His job would have to be done mostly in a sitting position; and he would have to be near a bathroom. *Id*. Mr. Golatt could stand as needed and sit back down. *Id*. He could sit 5–8 hours in an eight-hour workday. *Id*. He could occasionally climb, stoop, crouch, kneel, and crawl but would need to avoid exposure to heavy chemicals, dust, fumes, or humidity. *Id*. He might need to occasionally use a cane to balance. *Id*. He could frequently reach and handle, as opposed to constant repetitive reaching and handling, due to chronic pain in the lower back. *Id*.

Due to depression, pain, headaches, and the effects of medication, Mr. Golatt was limited to unskilled activities. *Id*. He could occasionally follow and remember concrete instructions and have superficial contact with supervisors and co-workers. *Id*. He could meet, greet, make change, and give simple instructions and directions. *Id*.

The ALJ found that Mr. Golatt is unable to perform any past relevant work. (Tr. at 64) Relying upon the testimony of a Vocational Expert, the ALJ found, based on Mr. Golatt's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as document preparer and surveillance system monitor. (Tr. at 65) Thus, the ALJ determined that Mr. Golatt was not disabled. *Id*.

### III. Discussion:

####  A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

#### B.  Mr. Golatt's Arguments on Appeal

Mr. Golatt maintains that the ALJ's decision is not supported by substantial evidence on the record as a whole. Specifically, he argues: that the RFC did not incorporate all of his limitations; that the Appeals Council erred in its consideration of evidence submitted after the hearing; and that the ALJ failed to identity or resolve a

3

conflict between the VE testimony and the Dictionary of Occupational Titles (DOT). The last point has merit; thus, the Court will limit its discussion to the apparent conflict between job descriptions in the DOT and the VE's testimony.

Mr. Golatt suffered from neck and back pain that radiated to his arms and legs. (Tr. at 102-116) He had pain lying down, walking, and standing. (Tr. at 1092–1096) Objective imaging showed moderate conditions, but lumbar fusion surgery did not provide relief. *Id*; (Tr. at 1092–1096). Likewise, physical therapy and nerve blocks failed to provide adequate relief. *Id*. He tried rest, massage, and chiropractic treatment, to no avail. (Tr. at 10–12, 102–106, 1092–1096) Mr. Golatt used a cane and wore a back brace at all times. *Id*. He testified that his depression had worsened as his pain became more debilitating. His primary care physician opined that, as Mr. Golatt's pain worsened, he would be unable to work. (Tr. at 10–12) His prognosis was deemed "severe." *Id*.

The ALJ specifically accounted for Mr. Golatt's chronic pain, his headaches from pain, his depression, and the effects of his medication when he limited him to simple, unskilled work. (Tr. at 60–65, 116–118) The hypothetical posed to the VE and the RFC both described work with concrete instructions, superficial contact with others, and an ability to give only simple instructions. *Id*. The VE testified that Mr. Golatt could perform the jobs of document preparer and surveillance system monitor, which both require level-3 reasoning. *Id*. And this is where the conflict lies.

The DOT lists jobs with graduated reasoning levels, with level-1 being the simplest work. Level-1 reasoning requires the ability to "apply commonsense

4

understanding to carry out simple one or two step instructions." See *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). The jobs the VE identified for Mr. Golatt require level-3 reasoning, which requires a worker to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, and deal with problems involving several concrete variables in or from standardized situations." DOT, app. C., pt. III (4th ed. rev. 1991). The ALJ also characterized the work Mr. Golatt could perform as unskilled. (Tr. at 115–118) Unskilled work is not complex. See 20 C.F.R. §§ 404.1568(a), 416.968(b) SSR 83-10 (unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time").

This Court has suggested that simple, unskilled work, as identified in an RFC, does not correspond to level-3 reasoning jobs. In *Ferguson v. Saul*, this Court held that an RFC stipulating simple work with simple instructions and few changes to routine excludes jobs requiring level-3 reasoning. *Ferguson v. Saul*, No: 3:18-CV-242-BD, 2019 U.S. Dist. LEXIS 216303, at *5–7 (E.D. Ark. Dec. 17, 2019); see also *James v. Berryhill*, No. 3:16-CV-348-BD, 2018 U.S. Dist. LEXIS 20771, at *6–7 (E.D. Ark. Feb. 8, 2018); *Gilbert v. SSA*, No. 3:18-CV-198-PSH, 2019 U.S. Dist. LEXIS 125697, at *7–8 (E.D. Ark. July 29, 2019).

At the very least, an ALJ has a duty to inquire about this kind of apparent conflict between the DOT description and jobs identified by a VE. Here, the ALJ did not indicate that he was aware of a possible conflict and did not question the VE about a possible conflict. (Tr. at 115–117) As a result, he failed to carry his burden at Step Five, and

5

reversal is required. See *O'Leary v. Colvin*, Case No. 13-CV-230-DW, 2014 U.S. Dist. LEXIS 199341, at *3 (W.D. Mo. Feb. 7, 2014) ("[T]here appears to be a conflict between the VE's testimony and the DOT. Remand is required because the ALJ did not address and then resolve this conflict in her decision.")

### IV. Conclusion:

The ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ did not properly identify or resolve a potential conflict between DOT job descriptions and the VE's testimony. The decision is hereby REVERSED and the case REMANDED, with instructions for further review.

IT IS SO ORDERED, this 26th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE